UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-20038-CR-LENARD

UNITED STATES OF AMERICA,

vs.

MELINA PIERRE-LOUIS,

    Defendant.
_____/

**DEFENDANT PIERRE-LOUIS'S MOTION FOR DOWNWARD VARIANCE**

    Ms. Melina Pierre-Louis ("Pierre-Louis" or "Defendant") by and through undersigned counsel, respectfully submits a motion for a downward variance pursuant to 18 U.S.C. § 3553(a) and requests that the Court sentence her to two months incarceration followed by 10 months home confinement.  In support of this motion the Defendant states the following:

**Background**

    On December 14, 2016, Defendant Melina Pierre-Louis will present herself to the Court for sentencing.  She is a 30 year-old mother of six.  Ms. Pierre-Louis pleaded guilty to a count of conspiracy to possess with intent to distribute 28 grams or more of cocaine base in violation of 21 U.S.C. § 846.  As calculated in the Presentence Investigation Report ("PSR"), Ms. Pierre-Louis's Total Offense Level is 19. [PSR, par. 173]  She is a criminal history I. [PSR, par. 176]  These factors result in a calculated guidelines range of 30-37 months.[1]  [PSR, par. 219]

    The Defendant requests that the Court grant a downward variance in his sentence pursuant to 18 U.S.C. § 3553(a)(1).  The Defendant believes that the factors enumerated in Section 3553

---

[1] The Defendant anticipates that the government will file a Section 5K1.1 motion at the time of sentencing. [PSR, par. 228]

1

warrant a downward variance from the guideline range to a sentence of two months incarceration followed by home confinement of 10 months.

**Argument**

Federal courts must consider all factors enunciated in Section 3553(a) when sentencing a defendant. Thus, in *United States v. Booker*, 543 U.S. 220, 245 (2005), the Supreme Court determined that the sentencing guidelines are now "effectively advisory." District courts may not treat the sentencing guidelines as presumptively reasonable. *Rita v. United States*, 551 U.S. 338, 127 S.Ct. 2456 (2007); *United States v. Hunt*, 459 F.3d 1180 (11th Cir. 2006). In many cases application of the guidelines does not yield a reasonable sentence. *United States v. Hunt*, 459 F.3d at 1184. Moreover, "[i]t has been uniform and consistent in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113 (1996).

**Section 3553(a) Factors**

Section 3553(a) instructs that the "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in Section 3553(a)(2). The section lists a series of factors for the Court to consider in passing sentence. Those factors, in pertinent part, are the following:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) The need for the sentence imposed -
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for –

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;

(5) any pertinent policy statement-

(A) issued by the Sentencing Commission . . . and

(B) that . . . is in effect on the date the defendant is sentenced[;]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

Also, 18 U.S.C. § 3582(a) requires the sentencing court to "consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that *imprisonment is not an appropriate means of promoting correction and rehabilitation*." (Emphasis added.)

**Application of Section 3553(a) Factors**

Nature and Circumstances of the Offense

The Defendant pleaded guilty to a charge of conspiracy to possess with intent to distribute 28 or more grams of cocaine base. The Defendant readily admits her involvement in the serious crime charged.

The Defendant was brought into the conspiracy by her boyfriend, co-defendant Michael Thomas. The Defendant's role was to be a courier of money for Thomas's drug sales operation. In addition Ms. Pierre-Louis offered suggestions and cautions to her boyfriend concerning

actions that would limit dangers to him. She did not receive a specific amount of money or percentage from the drug distribution organization. As the girlfriend of Thomas, he helped her with living expenses and money. Ms. Pierre-Louis exercised no operational control over the distribution scheme. She did not recruit anyone for the conspiracy. Nor did she take part in directly purchasing or selling the cocaine base. Her sole involvement arose from the fact that Michael Thomas trusted her as his significant other.

The Defendant readily admitted her involvement to investigators.

Therefore, the nature and circumstances of Ms. Pierre-Louis's role in the offense indicate that a sentence of two months incarceration and 10 months home confinement is appropriate and just.

History and Characteristics of the Defendant

Ms. Pierre-Louis is the mother of six children. [PSR, paras. 188-192] As referenced above, the Defendant is in a relationship with co-defendant Michael Thomas. Ms. Pierre-Louis and Mr. Thomas are the parents of two children. Their son Mikel Thomas is one year-old. Additionally, Ms. Pierre-Louis has recently given birth in September to their second child Mikayla Thomas. [PSR, par. 188]

The Defendant has a 15 year-old son, Joey Wilder, whose father is Joey Wilcher. Mr. Wilcher has no involvement in his son's life. [PSR, par. 189] Additionally, Ms. Pierre-Louis has a 14 year-old son, Kenyon Rolle, whose father was murdered in July 2013. [PSR, par. 190] The Defendant's next child is Jarquavia Jones, age 11 years-old. Her father is Jarvis Jones, who is currently incarcerated on a narcotics conviction. [PSR, par. 191] Shakiyah Westberry, age 9, is the last of Ms. Pierre-Louis's children. Shakiyah's father is Sakhnovshy Westberry.

4

Westberry remains involved in Shakiyah's life and helps the Defendant with support payments. [PSR, par. 192]

The Defendant has to support and care six children with very little help. With Michael Thomas currently incarcerated and facing a potential lengthy sentence in this case, Ms. Pierre-Louis is receiving child support help from only Sakhnovshy Westberry.

Ms. Pierre-Louis is a loving and devoted mother. She cares for and supports her children. As an example, Ms. Pierre-Louis has successfully placed all of her school age children in private school where she feels that their specific needs will be addressed. She guides her children to make proper choices to escape the dislocation that is prevalent in their neighborhood and that she has experienced in her life.

Ms. Pierre-Louis has come from a particularly dysfunctional background. She was born into a two parent household. [PSR, par. 183] However, at the age of four her father was murdered by an acquaintance. [PSR, par. 183] From that time forward Ms. Pierre-Louis lived in a one parent household. However, that household consisted of Ms. Pierre-Louis, her sister, her mother, and 10 other relatives. These other children were the Defendant's cousins. [PSR, par. 185] Ms. Pierre-Louis's mother was the sole care provider to all of the children living in the household. The Defendant felt neglected because her mother had to care for so many children. In particular her mother had to provide specific attention to one of Ms. Pierre-Louis's cousins who suffered with severe problems. [PSR, par. 185]

The unique circumstances of this Defendant led her to become involved in this crime. First, Michael Thomas's financial and emotional support induced Ms. Pierre-Louis to become involved in his drug trafficking scheme. Second, Ms. Pierre-Louis's dysfunctional background placed her in a position where breaking the law appeared to be the only avenue available to care

5

for her family. Consequently, the history and characteristics of Ms. Pierre-Louis indicate that a sentence of two months incarceration and 10 months home confinement would be a just punishment for her involvement in this criminal activity.

The Need for the Sentence to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment

Respect for the law arises from sentences that are neither too lenient nor too harsh. Ms. Pierre-Louis engaged in a conspiracy to possess with intent to distribute 28 or more grams of cocaine base. Mr. Pierre-Louis's role in the crime was as a confidant to Michael Thomas, someone whom he trusted to pick up money from the sales location. She exercised no operational control in the criminal conspiracy.

Considering the Defendant's role, her cooperation, and acceptance of responsibility, a sentence of two months incarceration followed by 10 months home confinement will severely restrict her actions and will accomplish the following: 1) reflect the seriousness of the crime of conviction, 2) promote respect for the law, and 3) provide a just punishment for Ms. Pierre-Louis.

The Need to Afford Adequate Deterrence to Others

This sentencing factor addresses the concept of general deterrence. The Court must weigh the necessity of imposing a sentence severe enough to deter others from committing the crime of conspiracy to possess with intent to distribute 28 grams or more of cocaine base with the need to not punish Ms. Pierre-Louis in an unduly harsh manner. To the extent that her punishment becomes known to others, it sends the message that involvement in a conspiracy to possess with intent to distribute 28 grams or more of cocaine base will result in incarceration and a severe restriction on liberty even in a situation involving acceptance of responsibility, cooperation, and the lowest category of criminal history. A sentence of two months

incarceration followed by 10 months home confinement should serve as sufficient general deterrence.

The Need to Protect the Public

This sentencing factor addresses the concept of direct deterrence to prevent Ms. Pierre-Louis from committing future crimes. The Defendant has a sole prior conviction from more than eight years ago. [PSR, par. 175] Additionally, she has two juvenile arrests that resulted in non-prosecutions and another arrest from more than eight years ago that resulted in no action. [PSR, paras. 177-179] She is 30 years-old and is facing a lengthy period of restrictions on her actions and life through incarceration, home confinement and supervised release. Moreover, the Defendant now has a federal conviction. Ms. Pierre-Louis understands that this conviction would serve to greatly increase her criminal history points and category in federal court or the equivalents in state court should she commit further criminal activity. Thus, the Defendant understands that any further criminal behavior would result in a period of incarceration of probably substantial length. Additionally, the Defendant understands that further criminal activity resulting in incarceration will result in a lengthy separation from her children. These factors dictate that a sentence of two months incarceration followed by 10 months home confinement meets the need for the sentence to protect the public from further crimes by Ms. Pierre-Louis.

The Need to Provide the Defendant with Educational or Vocational Training or Medical Care

The Defendant suffers from cardiomyopathy. [PSR, par. 194] This is a condition that can cause heart failure and increases the risk of sudden cardiac arrest. [PSR, par. n. 2] Moreover, Ms. Pierre-Louis suffers with emotional issues including depression and anxiety. [PSR, par. 197] Finally, the Defendant appears to have both abused alcohol and marijuana or

7

has the potential to develop abusive habits with these substances. She engaged in binge drinking [PSR, par. 198] and smoked marijuana to relieve stress. [PSR, par. 199] The Defendant stopped this behavior only when pregnant.

Ms. Pierre-Louis dropped out of school after the eighth grade and does not have a degree. [PSR, par. 202] Moreover, she does not possess any professional or work skills. [PSR, par. 203]

The Defendant could benefit from educational, vocational, medical, and substance abuse programs. Nevertheless, there is no reason that the Defendant could not take part in these programs and receive the medical care that she needs under noncustodial circumstances. Thus, a sentence of two months incarceration followed by 10 months home confinement meets the Defendant's educational, vocational, medical, and substance abuse needs.

The Kinds of Sentences Available

As to the count of conviction, the statutory minimum term of imprisonment is five years and the maximum penalty is 40 years imprisonment. However, Ms. Pierre-Louis meets the criteria for "safety-valve" application. [PSR, par. 218] Moreover, the Defendant anticipates that the government will file a 5K1.1 motion at the time of sentencing. Additionally, the Defendant does not have the ability to pay a fine. ]PSR, par. 217]

The Sentencing Guideline Range and the Pertinent Policy Statements of the Sentencing Commission

The Defendant anticipates that she will be a Total Offense Level of 19. The draft PSR found a criminal history category I, which yields a guideline range of 30-37 months.

The Need to Avoid Unwarranted Sentencing Disparities

There were seven co-defendants charged in the same count of the indictment and with the same amount of drugs as Ms. Pierre-Louis. Of these two pleaded to superseding informations, thus making their cases dissimilar to that of the Defendant. Of the remaining five at the time of

8

the drafting of this motion two co-defendants' sentences are not yet available to the Defendant, Harry Kwame Figgers and Joaquin Rodriguez. Bernard Franlkin Tucker and Raul Rodriguez received sentences of 60 months respectively and Guillermo Hortz-Alvarez received a sentence of 67 months. It appears that none of these three defendants qualified for safety-valve" application or received other sentencing benefits. These factors separate the Defendant's case from those of her similarly situated co-defendants. Moreover, the specific factors discussed in this motion separate Ms. Pierre-Louis from her co-defendants.

Thus, disparities in sentences would not be unwarranted but based on the application of statutory sentencing requirements and Section 3553 factors.

<u>The Need to Provide Restitution</u>

There is no restitution in this case.

## CONCLUSION

Ms. Pierre-Louis believes that the 3553(a) factors enumerated above justify the Court imposing a sentence that includes a downward variance. The Defendant respectfully requests that the Court grant her motion for a downward variance and impose a sentence of two months incarceration and 10 months home confinement.

    Respectfully submitted,

    <u>/s/ Richard A. Serafini</u>
    Richard A. Serafini, Esq.
    Florida Bar No. 0972037
    *Counsel for Melina Pierre-Louis*

    Serafini Law Office, LLC
    One Financial Plaza
    100 SE Third Avenue, Suite 2510
    Fort Lauderdale, FL 33394
    Telephone: (754) 223-4718
    Email: ras@rserafinilaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed electronically via CM/ECF this 11th day of December 2016.

/s/ Richard A. Serafini
Richard A. Serafini, Esq.